CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 22, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOEL AARON BURRELL,   )<br>    Plaintiff,   )<br>   )<br>v.   )<br>   )<br>RN A. HAWKS, *et al.*,   )<br>    Defendants.   ) | Civil Action No. 7:24-cv-00081<br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joel Aaron Burrell, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging claims related to his incarceration at River North Correctional Center.  (*See* Compl., Dkt. No. 1.)  Before the court is plaintiff's motion for a preliminary injunction.[1]  (Dkt. No. 7.)  This motion will be denied.

Plaintiff's complaint was filed on February 1, 2024, and it alleges claims for deliberate indifference to his serious medical needs against several nurses, doctors, correctional officers, and prison administrators.  In his motion for a preliminary injunction, plaintiff requests an injunction mandating that he "see a toxicologist, ophthalmologist, and catscan for vision loss, temporary blindness, and fainting that have occurred on 2/9/2024 and 2/12/2024."  (Dkt. No. 7.)  Plaintiff claims that he will suffer "irreparable injury such as death by poison or blindness" if the court does not grant the requested injunction.  (*Id.*; *see also* Pl.'s Reply, Dkt. Nos. 48, 48-1.)

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008).  A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

---

[1] The other motions that are pending in this case are not addressed in this opinion and order.

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

The plaintiff must also "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16. "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Pac. Radiation Oncology*, 810 F.3d at 636; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (affirming the denial of a motion for preliminary injunction that was based on new assertions of retaliation that were "entirely different from the claim raised and the relief requested in the inmate's inadequate medical treatment lawsuit").

Applying these standards, Burrell's motion does not satisfy any of the requirements set forth in *Winter*. Burrell does not make a strong showing that he is likely to succeed on the merits of his claims in this action. Moreover, Burrell's motion does not seek to prevent harm caused by the conduct asserted in the underlying complaint. Burrell's motion does not mention any of the thirteen defendants named in the complaint.[2] Moreover, Burrell names two specific dates in the motion, neither of which are referenced in Burrell's complaint, which lists several dates

---

[2] Plaintiff's motion references a staff member, J. Meachum, who is not a party to this suit. (Dkt. Nos. 7, 45 at 2.)

describing incidents of alleged deliberate indifference. (*See* Compl.) Instead, the motion is based on incidents that allegedly occurred after the instant action was filed. These new allegations are unrelated to the conduct described in the complaint, and therefore, cannot provide the basis for a preliminary injunction in this lawsuit. *See Nealson v. Blankenship*, Civil Action No. 7:23-cv-00071, 2023 WL 2776069, at *1 (W.D. Va. Apr. 4, 2023) (denying motion for preliminary injunction because "[t]hese new allegations, while undoubtedly troubling, are not clearly related to the conduct described in the complaint") (citing *Devose*, 42 F.3d at 471).

Additionally, plaintiff has not shown that the public interest supports the issuance of a preliminary injunction. Courts have recognized that requests for preliminary injunctive relief in the prison setting must be "viewed with great caution" because of the "complex and intractable problems of prison administration," *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995), and that "[f]ederal micromanagement of state prisons is, among other things, a recipe for poor administrative results," *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 958 (4th Cir. 1995). Based on the circumstances presented, the court is unable to conclude that the public interest would be served by a preliminary court order directing that plaintiff be given certain medical treatment without any information regarding the necessity of that treatment and before plaintiff's claims in this lawsuit are addressed on the merits. *See Taylor v. Freeman*, 34 F.3d 266, 274 n.7 (4th Cir. 1995) (in vacating a preliminary injunction, noting that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

For these reasons, the court concludes that Burrell has not made a "clear showing" that he is entitled to preliminary injunctive relief. *Winter*, 555 U.S. at 22. Accordingly, it is HEREBY ORDERED that Burrell's motion for a preliminary injunction (Dkt. No. 7) is DENIED. The

Clerk is DIRECTED to provide a copy of this memorandum opinion and order to all counsel of record and to Burrell.

Entered: August 22, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge