CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOEL AARON BURRELL, Plaintiff, | ) | Civil Action No. 7:24-cv-00081 |
| v. | ) | |
| NURSE M. MORTON, *et al.*, Defendants. | ) | By: Elizabeth K. Dillon, Chief United States District Judge |

**MEMORANDUM OPINION**

*Pro se* plaintiff Joel Aaron Burrell, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants alleging retaliation in violation of the First Amendment and deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Compl., Dkt. No. 1.) Before the court is a motion for summary judgment filed by defendants H. Colna, Jones, M. Morton, K. Paderick, R. Perry, and N. Sherwood. (Dkt. No. 77.) Burrell filed a response to this motion. (Dkt. Nos. 84, 86, 88.) Also pending are the following motions filed by Burrell: (1) a motion for relief from the court's order dismissing plaintiff's claims against defendants Amber Hawks, Amanda Taylor, Molly Reavis, Barbara Plaisance, Tracy Mathena, and Anna Reavis (the Medical Defendants) (Dkt. No. 70); (2) motions for injunctive relief (Dkt. Nos. 85, 91, 92); and (3) a motion to deny defendants' summary judgment motion (Dkt. No. 98).

Because Burrell failed to exhaust administrative remedies for his claims against Colna, Jones, Morton, Paderick, Perry, and Sherwood, their motion for summary judgment will be granted, and this matter will be dismissed. Plaintiff's motions will be denied.

# I. BACKGROUND

## A. Burrell's Complaint and Procedural History[1]

Burrell alleges claims arising from his incarceration at River North Correctional Center (RNCC). Plaintiff has filed several pages of attachments along with his complaint, which include grievances, grievance receipts, facility requests, and medical records. (Dkt. No. 1-1.) On September 29, 2025, the court issued an order dismissing plaintiff's claims against Amber Hawks, Amanda Taylor, Molly Reavis, Barbara Plaisance, Tracy Mathena, and Anna Reavis (the Medical Defendants). (Dkt. Nos. 63, 64.) The remaining defendants are R. Perry, a Manager at River North; Regional Ombudsman K. Paderick; Unit Manager H. Colna; Correctional Officer N. Sherwood; Sgt. Jones; Nurse Morton; and Unit Manager Montgomery. All remaining defendants except Montgomery have moved for summary judgment.[2]

On October 8, 2023, plaintiff submitted an emergency grievance related to his placement in a top bunk after being given a bottom bunk pass for medical reasons. (Compl. at 13–14.) Burrell's symptoms were severe migraine, fever, night sweats, coughing, and chest pains at a level 10, as noted by Nurse Plaisance. (*Id.* at 14.) On November 3, 2023, plaintiff received a response from R. Perry regarding certain grievances. (*Id.* at 15.) Burrell alleges that Perry "completely misconstrued those grievances," ignoring that "despite of having a bottom bunk order, I was housed on the top bunk . . . which syncope condition became active." (*Id.*)

Unit Manager Colna responded to a grievance from Burrell on January 25, 2024, stating: "You've been assigned to D1-124 bottom bunk upon your release from RHU on 1/19/2024. This

---

[1] Plaintiff's complaint is not sworn under penalty of perjury. (Dkt. No. 1.)

[2] The court's docket indicates that Chadwick S. Dotson, former Director of the Virginia Department of Corrections (VDOC), is a defendant. This appears to be in error. Burrell does not name Dotson in the caption or body of his complaint. The Clerk will be directed to terminate Dotson as a defendant in this action. Also, Burrell's complaint does not include any allegations against Montgomery, so the court will dismiss the claims against Montgomery without prejudice. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).

is still your current bed assignment as of 1/25/2024." (*Id.* at 16.) Burrell notes that he was still in a top bunk, top tier at this time. (*Id.*) Sgt. Evans notified a nurse for Burrell to be assessed prior to transportation to a medical facility. Burrell complains that Evans is not a medical employee and he cannot make medical recommendations. (*Id.*)

Burrell alleges that Colna has "committed Deliberate Indifference by housing me on top bunk . . . despite my bottom bunk pass . . . ." (*Id.* at 20.) Sherwood and Jones used excessive force in "administering pepper spray causing partial blindness and a First Amendment retaliation act for seeking medical attention in an emergency . . . ." (*Id.* at 21.) Perry and Paderick committed deliberate indifference in "upholding grievance of being housed in top bunk, despite bottom bunk pass due to medical condition Syncope that cause me to fall from top back . . . ." (*Id.* at 22.) Nurse Morton committed deliberate indifference in "not contacting Dr. Mathena or Unit Manager in the reason I'm not residing in assigned bunking placement . . . ." (*Id.*)

Burrell requests a transfer to a different facility, transfer to an emergency room for evaluation, $2.5 million in compensatory damages against each defendant in their individual and official capacities, and $350,000 in punitive damages against each defendant in their individual and official capacities. (*Id.* at 11.)

**B. Facts in Support of Defendants' Motion for Summary Judgment**

In support of their motion for summary judgment, defendants filed an affidavit by S. Sutfin, Institutional Ombudsman at River North. (Dkt. No. 78-1.) Sutfin describes the grievance procedure mechanism for VDOC facilities. (Sutfin Aff. ¶¶ 6–12.) Burrell filed a written complaint on January 16, 2024, alleging that he was experiencing a medical emergency and Officer Sherwood did not allow him to seek medical attention. Additionally, Burrell alleged that Sherwood pepper sprayed him and Sgt. Jones assisted Sherwood in denying medical attention to

Burrell. The complaint was denied as factually incorrect. On February 6, 2024, Burrell filed a regular grievance stating that Sherwood and Jones apprehended him in front of medical, Burrell left his ball cap and eyeglasses behind, and the items were not returned. The grievance was denied as a request for services. Burrell did not appeal any grievances through the required levels of review. (*Id.* ¶¶ 13–15.)

**C. Burrell's Responses in Opposition to Summary Judgment**

Burrell's response largely argues the merits of his claims. Regarding exhaustion, Burrell notes the enclosure of certain exhibits, but the exhibits have not been provided to the court. (Dkt. No. 84 at 1; Dkt. No. 88.) Burrell argues that the defendants' "proposition that I fail to exhaust administrative remedies is improper because that's the basis of the appeal process . . . ." (Dkt. No. 84 at 2.) Burrell refers to an "ongoing intentional ploy to not have all of my supporting documents uploaded to VACORIS and violating due process, which Plaintiff haven't received his appeal guidance." (*Id.* at 3.)

Burrell has also filed a motion to deny defendants' motion for summary judgment. In it, Burrell states that he is restricted from accessing certain VDOC operating procedures that "assert that defendants use of force was not necessary." (Dkt. No. 98.) Burrell cites Rule 56(f) of the Federal Rules of Civil Procedure and argues that summary judgment should be denied because he needs these documents to support his opposition.

**D. Burrell's Motion for Relief from Previous Order of Dismissal**

Burrell moves to reconsider the court's order dismissing his claims against the Medical Defendants. In this motion, Burrell argues that defendants and their counsel used the Keen Mountain Correctional Center mailroom to "perpetrate a fraud upon the court by omitting" Burrell's opposition to the motion for summary judgment. (Dkt. No. 70 at 1.) Thus, Burrell

argues that the court's order denying his deliberate indifference claims against the Medical Defendants was "procured by misrepresentation" that plaintiff did not file a responsive pleading. (*Id.* at 3.)

**E. Burrell's Motions for Injunctive Relief**

In his first motion for injunctive relief, Burrell asks to be transferred due to issues with a fellow inmate. (Dkt. No. 85.) In another motion, Burrell requests a transfer to a facility outside of Virginia "due to facing retaliation for these civil suits . . . ." (Dkt. No. 91.) In a third motion, Burrell requests a transfer to the Eastern Region due to "judicial corruption of overzealous attorneys and corrupt prison officials." (Dkt. No. 92.)

II. ANALYSIS

**A. Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 372 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986)). The court must view the evidence in

the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Additionally, the court may not "make credibility determinations or weigh the evidence." *Progressive Am. Ins. Co.*, 608 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). Accordingly, summary judgment is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006).

**B. PLRA and Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must ordinarily follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The requirement is one of "proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). On the other hand, a prisoner "need not exhaust remedies if they are not available," *Ross v. Blake*, 578 U.S. 632, 636 (2016), which may be the case "if a prisoner, through no fault of his own, was prevented from availing himself of it," *Moore*, 517 F.3d at 725.

Burrell did not exhaust his administrative remedies by pursuing any grievances through the applicable levels of review. Burrell has attempted to argue that he may have been prevented from exhausting but did not provide any admissible evidence to suggest that remedies were unavailable to him. Burrell has also suggested that he needs certain discovery—copies of

internal VDOC operating procedures regarding use of force—but this discovery is not relevant to exhaustion. Thus, there are no genuine issues of fact on the exhaustion issue, and defendants are entitled to summary judgment.

**C. Motion to Reconsider**

The court considers Burrell's motion for relief from the order dismissing his claims against the Medical Defendants to be a motion pursuant to Rule 54(b), which provides that an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). A district court may grant such a motion in the following circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Selective Ins. Co. of S.C. v. EOS Surfaces, LLC*, Case No. 2:25-cv-603, 2026 WL 2019561, at *1 (E.D. Va. July 13, 2026).

Burrell attached a copy of a memorandum he intended to file in response to the Medical Defendants' motion for summary judgment. (Dkt. No. 70-4.) The court has reviewed this brief, and it would not have changed the court's analysis if it had been filed before the court's ruling. Burrell's motion does not satisfy any of the foregoing grounds for Rule 54(b) relief. The court will deny Burrell's motion.

**D. Motions for Injunctive Relief**

Burrell has filed motions requesting a transfer to a different facility. Motions for a transfer by a prisoner are considered motions for injunctive relief. *Fogel v. Hall*, Civil Action No. 7:24-cv-00355, 2025 WL 1316498, at *1 (W.D. Va. May 6, 2025). A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of

preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Burrell's motion will be denied because he has not established that he is likely to succeed on the merits of his claims in this lawsuit, and his request for a transfer is not related to the allegations in his lawsuit. While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

The court will deny Burrell's requests for injunctive relief.

## III. CONCLUSION

The court will issue an appropriate order granting defendants' motion for summary judgment, denying plaintiff's motions, and dismissing this case.

Entered: September 8, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge